1

2

3

4              # UNITED STATES DISTRICT COURT
                 ### EASTERN DISTRICT OF CALIFORNIA
5

6

7    BREANN FITZGERALD,                    )         1:12-cv-00071-LJO-GSA
                                           )
8                                          )
                                           )
9              Plaintiff,                  )
                                           )         **FINDINGS AND**
10        v.                               )         **RECOMMENDATIONS RE: MOTION**
                                           )         **FOR ATTORNEY FEES AND COSTS**
11   THE LAW OFFICE OF CURTIS O.           )
12   BARNES,                               )
                                           )
13                                         )
                                           )         (Doc. 13)
14             Defendant.                  )
                                           )
15                                         )
                                           )
16   _____    )

17

18

19
                              **INTRODUCTION**
20
          This action is before the Court on Plaintiff Breann Fitzgerald's Motion for Attorneys'
21
     Fees and Costs Pursuant to Offer of Judgment.  Plaintiff Fitzgerald seeks $8144.00 in attorneys'
22
     fees and $410.95 in costs, for a total of $8554.95.  The District Court referred the matter to the
23
     undersigned Magistrate Judge for Findings and Recommendations.  (Doc. 15).  For the reasons
24
     set forth below, the undersigned recommends that the motion be GRANTED in part, and that the
25
     Court award attorneys' fees in the amount of $4,400.00 and costs in the amount of $410.90, for a
26
     total award of $4,810.90.
27

28                                             1

**PROCEDURAL BACKGROUND**

On January 13, 2012, Plaintiff Breann Fitzgerald ("Plaintiff") filed this action against Defendant The Law Office of Curtis O. Barnes ("Defendant"), for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq*. On September 10, 2012, the Defendant served Plaintiff's counsel with a Rule 68 Offer of Judgment of $1,001.00 on Plaintiff's claims, plus court costs and attorney's fees as determined by the parties or the court. (Doc. 12-1). The Plaintiff accepted the Defendant's Offer of Judgment and filed a Notice of Acceptance of Rule 68 Offer of Judgment. (Doc. 12). The parties were unable to reach agreement on attorney's fees, which led to the filing of the instant motion.[1] (Doc. 13).

**DISCUSSION**

**A.    Plaintiff is Entitled to Reasonable Attorney's Fees**

Under both the FDCPA and the Rosenthal Act, a prevailing plaintiff is entitled to "reasonable" attorney's fees and costs. 15 U.S.C. § 1692(k)(a)(3); Cal. Civil Code § 1788.30(c). Indeed, in line with Congress' adoption of a "private attorney general" approach to enforcement of the FDCPA, an award of attorney's fees is mandatory in successful FDCPA actions. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991); *also see Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997). Here, Defendant does not oppose Plaintiff's entitlement to reasonable attorney's fees and costs, and Defendant's Rule 68 Offer of Judgment, which was accepted by the Plaintiff, expressly provides for payment of attorney's fees and costs to the Plaintiff. (Doc. 12-1); *see also Bridgeport Financial , Inc.,* 523 F.3d at 978 (in FDCA case, approving award of attorney's fees pursuant to settlement agreement). The only issue before the Court, therefore, is the amount of reasonable fees and costs due to Plaintiff.

---

[1] On March 4, 2013, the Court ordered the parties to meet and confer in an attempt to resolve the amount of reasonable attorneys' fees Plaintiff is entitled to. (Doc. 24). On March 12, 2013 the parties filed a joint status report stating that they had failed to reach agreement on the issue. (Doc. 25). The issue of attorneys' fees is now ripe for decision.

**B.**     **The "Lodestar Procedure" for Calculating Reasonable Attorney Fees**

In FDCPA cases, the Ninth Circuit applies the general rule for attorney fees determinations under fee-shifting statutes, namely, the "lodestar" procedure.  *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001); *see also PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1095 (2000) (under California law, the fee setting inquiry begins with the "lodestar").  The lodestar procedure entails two distinct steps for determining a "reasonable attorney fee."  First the court calculates the "lodestar figure" by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Ferland,* 244 F.3d at 1149 n. 4.  The court then considers whether it is necessary to adjust the "presumptively reasonable lodestar figure" on the basis of specific factors identified in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) that are not already subsumed in the lodestar calculation.[2]  *See Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1989) (the lodestar procedure now subsumes, as a matter of law, several of the *Kerr* factors in the initial determination of reasonable hours and rates; the subsumed factors should not be used as independent bases to adjust the lodestar figure).[3]  "Calculating the lodestar is the critical inquiry," however, "because there is a strong presumption that it is a reasonable fee."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990).

---

[2]There are twelve so-called *Kerr* factors for assessing the reasonableness of attorney fees: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir.1975); *but see Davis v. City & County of San Francisco,* 976 F.2d 1536, 1549 (9th Cir. 1992), *opinion vacated in part, on other grounds, on denial of reh'g,* 984 F.2d 345 (9th Cir. 1993) (the Supreme Court's decision in *City of Burlington v. Dague*, 505 U.S. 557, 565-67 (1992), "represents an outright rejection of contingency as a factor relevant to the establishment of a reasonable fee").

[3]The factors subsumed in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained.  *See Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988), reinstated, 886 F.2d 235 (1989).

**C.     Lodestar Calculation: Reasonable Hourly Rates for Plaintiff's Counsel**

      **(i)**     ***Applicable Legal Standard***

Courts have recognized that "determining a reasonable or prevailing rate of compensation is inherently difficult." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (internal quotation marks omitted).  The determination of the applicable, reasonable hourly rate "is not made by reference to rates actually charged the prevailing party." *Id.*; *also see Guam Society of Obstetricians and Gynecologists v. Ada*, 100 F.3d 691, 702 (9th Cir. 1990).  Rather, "[t]he burden is on the plaintiff to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984) (internal quotation marks omitted); *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-946 (9th Cir. 2007) (the relevant metric is the market rate charged by similarly competent attorneys for representation of comparable complexity).  The relevant community for purposes of determining the prevailing market rate is generally the "forum in which the district court sits." *Camacho v. Bridgeport Financial., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "Affidavits of the [attorney seeking fees] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [attorney seeking fees], are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  "The [opposing side] may introduce rebuttal evidence in support of a lower hourly rate." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  In addition, the Court may rely on its own familiarity with the local legal market and knowledge of customary local rates in setting an appropriate hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Plaintiff asserts that the fee award should be based on the following rates: Ryan Lee–$387.00/hour; Rory Leisinger–$245.00/hour.  Applying the standards discussed above, the Court finds the evidence does not support the rates requested by Plaintiff's counsel.

*///*

(ii)     *Prevailing Rates in the Local Forum*

In support of the requested hourly rates for counsel, Plaintiff adduces the United States

Consumer Law Attorney Fee Survey Report (2010-2011), compiled by Ronald L. Burdge, and

the "Laffey Matrix," created by the Civil Division of the United States Attorney's Office for the

District of Columbia.  The Court finds both these sources inapposite for determining hourly rates

prevailing in the forum in which this Court sits, *i.e.*, the Eastern District of California, Fresno

Division.  The Consumer Law Attorney Fee Survey Report provides median attorney billing rates

for California as whole.  (Doc13-4).  The Laffey Matrix is a chart of hourly rates for attorneys of

varying experience levels based on "the range of rates that prevail in the Washington, D.C. area."

*Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354, 374 (D.D.C. 1983), *aff'd in part, rev'd in*

*part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984).  The *Laffey* matrix uses rates from the early

1980s—approved by the *Laffey* court—as a base-line, updating them on a yearly basis "by adding

the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior

year."  *See* Laffey Matrix, n. 3 (Doc. 13-5).  Neither the Laffey Matrix nor the Consumer Law

Attorney Fee Survey Report provide data on prevailing rates in the Eastern District of California,

Fresno Division.  Hence both are irrelevant to determining reasonable hourly rates for Plaintiff's

counsel.

In support of the requested hourly rates for counsel, Plaintiff further adduces declarations

from three consumer law attorneys, Nicholas Bontrager, G. Thomas Martin, III, and Steven

Solomon, none of whom are based in or practice in this district.  (Doc. 13-6).  Mr. Martin and

Mr. Solomon opine that the hourly rates charged by Plaintiff's counsel are in line with rates

charged by consumer litigators practicing in the Ninth Circuit; neither attorney addresses the

prevailing rates in the instant forum, the Eastern District of California, Fresno Division.  The

third attorney to submit a declaration in support of Plaintiff's motion, Mr. Bontrager, states that

he is "familiar with the hourly rates charged in federal consumer cases, including those litigated

in the Eastern District of California," and that based upon his "research and experience," the

hourly rates charged by Plaintiff's attorneys are reasonable.  However, Mr. Bontrager, a licensed

5

attorney since 2007, does not clarify whether he has ever practiced in this forum, nor does he reveal the sources of his familiarity and experience with prevailing local rates.  In sum, the declarations of Mr. Bontrager, Mr. Martin and Mr. Solomon lack specific information pertaining to local hourly rates and do not provide a basis for ascertaining reasonable rates for Plaintiff's counsel.

Plaintiff's counsel have also submitted their own respective declarations, establishing that Attorney Ryan Lee obtained his license to practice law in California in March, 2005 and Attorney Rory Leisinger did so in August, 2011.[4]  (Docs. 13-2, 13-3).  As further support for the requested hourly rates, Mr. Lee points to a recent case from the Central District of California, in which the court approved a $387.00 hourly rate for him in granting a total attorney's fee award of the same amount (*i.e.*, $387.00).  *See Bristol v. H & P Capital, Inc.,* Doc. 34, No. 2:11-cv-04344-MMM-MRW (C.D. Cal. Dec. 12, 2012).  However, on the same date as the Central District case cited by Plaintiff, a court in the Northern District of Indiana approved the much lower hourly rate of $285.00 for Mr. Lee's services.  *See Moore v. Midland Credit Management, Inc.*, 2012 WL 6217597, *5 (N.D. Ind., Dec. 12, 2012).  These disparities underscore the point that cases from other districts are not particularly relevant to determining prevailing rates in *this* forum.

The Court now turns to an examination of rate determinations in other cases before this Court, paying particular attention to cases decided within two years of the time when counsel began their work in this case.  *See Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003) (it was an abuse of discretion, in determining local rates for legal work, to consider market rates in effect more than two years before the work at issue was performed).  The Court has only considered rate determinations in cases from this forum, the Eastern District of California, Fresno Division.

In *Dolarian Capital, Inc. v. SOC, LLC*, a 2013 breach-of-contract case in this forum, rates

[4]The declarations of both of Plaintiff's counsel erroneously state (in Paragraph 1 of each declaration) that the respective declaration is being filed in support of "Plaintiff's Motion for Default Judgment."  The Court will deem these declarations as being filed in support of Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to Offer of Judgment.

6

of $300.00/hour for lead counsel with twelve years of experience, and $225.00/hour for associate counsel, were adjudged reasonable.  2013 WL 1006071, *4 (E.D. Cal., March 13, 2013).  A $250.00/hour rate was approved in *Miranda v. Law Office of D. Scott Carruthers, et al.*, 2012 WL 78236, *7 (E.D. Cal. Jan. 10, 2012), an FDCPA and Rosenthal Act action in this forum in which the plaintiff's recovery of $1,000.00 basically matched the $1,001.00 recovery in the instant matter.  This Court, in another FDCPA matter, *Valero v. Bryant, Lafayette and Associates, LLC*, 2011 WL 1438436, *6 (E.D. Cal. April 14, 2011) found $250.00 per hour to be reasonable compensation for attorney time.  In *Johnson v. J.P. Morgan Chase Bank* , 2010 WL 4977648, *2 (E.D. Cal. Dec. 2, 2010), also an FDCPA case, this Court approved billing rates of $300/hour for lead counsel with over forty years' experience, and $200.00-$250/hour for second counsel, a member of the bar since 1975.  In *Luna v. Hoa Trung Vo*, 2011 WL 2078004, *5 (E.D. Cal. May 25, 2011), the District Court determined that $375.00/hour—"the top of the compensation range for attorneys practicing in the Fresno area"—was an appropriate rate for "a senior lead attorney;" $315.00 and $295.00 were appropriate hourly rates for associate attorneys with twenty years and ten years of litigation experience respectively.  *Id*. at *6; *also see BR North 223, LLC v. Glieberman*, 2012 WL 2920856, *3 (E.D. Cal. Jul.17, 2012) ($250.00–$380.00 hourly rate range for competent, experienced counsel, with rates in excess of $300.00/hour reserved for reputable attorneys with over twenty years' experience and $250.00–$300.00 hourly rate applicable to competent attorneys with less than ten years' experience); *MFC Twin Builders, LLC v. Fajardo*, 2012 WL 3862399, *9 (E.D. Cal. Sept. 5, 2012) (approving $195.00 hourly rate for attorney with one year of experience); *Winding v. NDEX West*, 2011 WL 5244335, *6 (E.D. Cal. Nov.1, 2011) (finding reasonable a rate of $200.00 per hour for an attorney with one year of experience).[5]

---

[5]Cases from this Court's Sacramento Division largely mirror the rate determinations from the Fresno Division.  *Branco v. Credit Collection Services, Inc*., 2011 WL 6003877 (Dec. 1, 2011 E.D. Cal.), an FDCPA case, the district court found that an hourly rate of $275.00 was appropriate for an attorney working on FDCPA cases in this district for at least 12 years.  In *Scott v. Kelkris Associates, Inc.*, the district court approved rates of $200.00/hour and $195.00/hour for litigation under California's anti-SLAPP statute.  2012 WL 1131360, *5 (E.D. Cal. Mar. 29, 2012).  Other relevant cases include *Jones v. County of Sacramento*, 2011 WL 3584332, *10 (E.D. Cal. Aug. 12,

According to the documentation submitted by Plaintiff's counsel, two attorneys, Mr. Lee and Mr. Leisinger, worked on the instant case between November, 2011 and September, 2012,[6] consulting once with a managing partner at their firm.  (Doc. 13-1).  Based on when each counsel was licensed to practice law, Mr. Lee had six or seven years' experience as an attorney, and Mr. Leisinger had less than one year of experience, during the time each attorney worked on this case.  Further, each attorney's practice appears to be limited to consumer protection cases.  Considering these factors, rate determinations for similarly skilled and experienced counsel in other cases in this forum, and this Court's own knowledge of the local value of legal services comparable to those rendered here, reasonable hourly rates for Mr. Lee and Mr. Leisinger are $250.00 and $200.00 respectively.

### D.    Lodestar Calculation: Reasonable Hours Expended

#### (i)    *Applicable Legal Standard*

"The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).  Applying this standard, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." *Van Gerwen v. Guarantee Mutual Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotation marks and citation omitted); *also see Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007).

#### (ii)    *Attorney Time Billed in This Case*

Plaintiff's counsel's work involved the filing of a simple complaint seeking statutory damages, basic case management and scheduling work, acceptance by the Plaintiff of the Defendant's Rule 68 Offer of Judgment, and bringing the instant motion for attorney's fees.  By any standard, the litigation at issue here was straightforward and streamlined, with no in-court

---

2011) (rate of $250.00/hour reasonable for work in civil rights case, for attorney practicing for twelve years).

[6]This time-frame excludes work related to Plaintiff's motion for attorneys' fees, which was filed on November 14, 2012.

hearings and minimal discovery and motion practice.  Indeed, Plaintiff's counsel concede that they relied on form pleadings, prior briefs, and form discovery requests to conduct this litigation. (Doc. 21).  Finally, although Plaintiff obtained statutory damages in the amount of $1001.00 based on one federal and one state-law claim alleged in the complaint—each of which entitled Plaintiff to $1000.00 in statutory damages as well as actual damages—Plaintiff neither sought nor obtained actual damages, thereby also simplifying the litigation.[7]  (Docs. 1, 13).

With this background in mind, the Court has carefully reviewed each time-entry documented by Plaintiff's counsel and finds that, with a few exceptions, the time expended by counsel was reasonable.  The Court takes Plaintiff's point that counsel's reliance on form documents was a factor in limiting the time expended on the litigation.  However, the Court has identified a few time-entries that are excessive or unnecessary and will exclude these from the lodestar calculation.

First, Attorney Ryan Lee billed 2.1 hours of time even before his initial interview with the Plaintiff, for, among other tasks, writing memos to file and entering the case in his firm's case-tracking database.  (Doc. 13-1; time entries for Nov. 2-3, 2011).  Over two hours of time for preliminary, pre-intake tasks in a standard case for counsel's consumer-law practice is excessive, and the Court will reduce attorney time expended on these tasks to one hour.

Next, on February 17, 2012, upon receipt of Defendant's Answer, Attorney Lee billed forty-two minutes (0.7 hours) for reviewing the bare-bones Answer and preparing a memo regarding the denials, which are minimally set forth.  (Docs. 13-1, 6).  Mr. Lee separately billed, on the same date, one hour of time to "review all affirmative defenses, research and prepare memo regarding possible applicability."  (Doc. 13-1).  Defendant's Answer asserts three affirmative defenses, each of which is set forth in one sentence, in general terms, without factual elaboration.  (Doc. 6).  The minimal and generic treatment of the affirmative defenses in Defendant's Answer largely precludes the preparation of a research memo on the "applicability"

---

[7] *See Morisaki v. Davenport, Allen & Malone, Inc.*, 2010 WL 3341566 *3-*6 (E.D. Cal. Aug. 31, 2010); *Panahiasl v. Gurney*, 2007 WL 738642 (N.D. Cal. Mar. 8, 2007).

of these defenses.  The Court will, therefore, exclude as excessive the hour of time billed for

reviewing, researching and preparing a memo on the affirmative defenses directly upon receipt of

the Answer, and, for the same reason, reduce from forty-two minutes to thirty minutes, the time

billed for reviewing the Answer and preparing a memo regarding the denials.

Regarding billings by Attorney Rory Leisinger, the Court finds excessive, and will reduce

to thirty minutes, the one hour of time billed by him, on April 17, 2102, for participating in a

telephonic scheduling conference with this Court.  (Doc. 13-1).

Finally, Attorney Leisinger billed 2.1 hours of time, over several weeks, for preparing,

serving, and following-up on a subpoena for Sprint phone records.  (Doc. 13-1: time-entries on

April 4 (0.4 hrs.), 6 (0.4 hrs.), 10 (0.2 hrs.); May 2 (0.2 hrs.) and 18 (0.5 hrs.); June 15 (0.2 hrs.)

and July 20, 2012 (0.2 hrs.)).  Each time Mr. Leisinger worked on this subpoena, he billed at

least 0.1 or 0.2 hours per task, when some of the tasks, such as sending follow-up emails and

faxes, would likely have taken one or two minutes.  The Court finds the attorney time billed in

relation to this subpoena is excessive, and will reduce it to one hour.

The Court finds that attorneys Ryan Lee and Rory Leisinger reasonably expended 13.2

hours and 5.5 hours, respectively, on this matter.[8]

**E.     Paralegal and Secretarial Expenses**

**(i)     *Applicable Legal Standard***

In *Missouri v. Jenkins*, 491 U.S. 274 (1989), the Supreme Court held that a "reasonable

attorney's fee provided for by statute should compensate the work of paralegals, as well as that of

attorneys."  *Id*. at 285 (internal quotation marks omitted).  However, in response to Missouri's

"windfall" argument that compensation for paralegals at rates above cost would lead to attorneys

"next try[ing] to bill separately—and at a profit—for such items as secretarial time, paper clips,

electricity and other expenses," the Court emphasized that attorneys "would have no basis for

requesting separate compensation for such expenses unless this were the prevailing practice in

---

[8]Attorneys Lee and Leisinger had originally billed 15.5 and 7.1 hours respectively.

the local community."[9]  *Id.* at n. 9.

"If the attorney's hourly rate already incorporates the cost of work performed by non-attorneys, then courts should not compensate for these costs as an additional 'reasonable attorney's fee.'"  *Trustees of Const. Industry & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006).  Work performed by non-attorneys—such as clerical, secretarial, or paralegal work—is compensable, at market rates, only "if it is customary [in the local legal market] to bill such work separately."  *Id.*  This principle, established in *Missouri v. Jenkins*, "harnesses the discipline of the market to ensure that attorneys recover only those costs that are not already built into their hourly fees."  *Id.*

    **(ii)**    ***Paralegal Billings in This Case***

Plaintiff has requested $406.00 (2.8 hours at $145.00/hour) for tasks performed by Paralegal Ricardo Teamor.  The Court has reviewed the time-entries for work performed by Mr. Teamor.  All tasks performed by Mr. Teamor—*e.g.*, preparing the complaint for filing; copying and mailing documents; contacting a process server; filing a proof of service; serving deposition notices; checking the docket; confirming that attorneys will appear telephonically at a hearing—are secretarial in nature.  In order for secretarial expenses to be included in an award of attorneys' fees, the Plaintiff must demonstrate that such expenses are not subsumed in the attorneys' hourly rates.  Specifically, Plaintiff must show that billing secretarial expenses separately, at a profit, to private clients, is the prevailing practice in this forum.  *See, e.g. Rafanan v. Focus Receivables Management, LLC,* 2010 WL 2923284, *2 (E.D. Cal. July 26, 2010) (excluding secretarial tasks performed by paralegals from attorney's fee award); *White v. Sutherland, Inc.*, 2005 WL 1366487, *10 (E.D. Cal., May 6, 2005) (declining to include secretarial expenses in fee award because party seeking fees had failed to show that billing secretarial time at a profit was the prevailing practice in the local community).  Since Plaintiff has not provided the Court with any information as to local billing practices regarding secretarial

---

[9]The Court further clarified that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."  *Missouri v. Jenkins,* 491 U.S. at n. 10.

work, the Court will exclude Mr. Teamor's billings from the lodestar amount.

### F.    The Lodestar Figure and Allowable Costs

Based on the reasonable attorney rates and reasonable hours calculated above, the lodestar figure in this matter is $4,400.00.[10]   Neither party has provided any justification for adjusting the presumptively reasonable lodestar figure, and the Court sees no reason to do so.

The Clerk of this Court has taxed Plaintiff's costs in the amount of $350.00.  Plaintiff incurred an additional $60.90 in costs for service of the summons.  (Docs. 20, 5).

### CONCLUSION

For the reasons discussed above, the Court RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to Offer of Judgment be GRANTED IN PART, and attorneys' fees in the amount of $4,400.00, and costs in the amount of $410.90, be awarded to Plaintiff.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, pursuant to 28 U.S.C. § 636(b)(1)(B).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document shall be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's forthcoming order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

   Dated:   __April 15, 2013__         _____/s/ **Gary S. Austin**_____
                                  UNITED STATES MAGISTRATE JUDGE

---

[10]The lodestar figure is based on 13.2 hours expended by Mr. Lee at an hourly rate of $250.00 for a total of $3300.00, and 5.5 hours expended by Mr. Leisinger at an hourly rate of $200.00 for total of $1,100.00.